UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Rose Tiffany Evans,

    Petitioner

v.

United States Postal Service,

    Respondent

Case No.: 2:25-cv-00084-JAD-NJK

**Order Granting Motion to Dismiss with Leave to Amend by 12/7/25**

[ECF No. 18]

Unrepresented petitioner Rose Tiffany Evans claims that her former employer, the United States Postal Service, fired her based on her race and sex in violation of the Civil Rights Act.[1] She unsuccessfully pursued her complaint before the Merit Systems Protection Board, and her claim is now before this court.[2] But her complaint in this court makes only indistinct allegations about the Board's review of her termination.[3] The Postal Service thus moves to dismiss it, arguing that Evans has failed to allege discrimination claims supported by specific allegations of discrimination or to plead a civil-service claim showing specifically why the Board's decision was erroneous.[4] Evans responds with specific allegations and exhibits in her response brief, which she contends provide the necessary context for her discrimination claims.[5] But such

---

[1] *See generally* ECF Nos. 13, 20.

[2] Evans initially appealed the Board's determination to the Court of Appeals for the Federal Circuit. ECF No. 2. But district courts, and not the Federal Circuit, have jurisdiction over such cases if they involve discrimination. *See* 5 U.S.C. § 7703(c). So the Federal Circuit transferred this case to this court. ECF No. 2.

[3] *See generally* ECF No. 13.

[4] *See* ECF No. 18 at 4–6.

[5] *See* ECF No. 20.

exhibits are not properly considered on a motion to dismiss and without those additional allegations, Evans's complaint fails to state a claim. So I grant the motion and dismiss her complaint, but I give her leave to amend so she can add these specific allegations.

## Discussion

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[6] While Rule 8 does not require detailed factual allegations, a properly pleaded claim must contain enough facts to "state a claim to relief that is plausible on its face."[7] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[8] In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[9]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. The court must first accept as true all well-pleaded factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[10] Mere recitals of a claim's elements, supported by only conclusory statements, are insufficient.[11] The court must then consider whether the well-pleaded factual allegations state a

---

[6] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[7] *Twombly*, 550 U.S. at 570.

[8] *Iqbal*, 556 U.S. at 678.

[9] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

[10] *Iqbal*, 556 U.S. at 678–79.

[11] *Id.*

plausible claim for relief.[12]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[13]  A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[14]

Because Evans is an unrepresented litigant, this court must liberally construe her arguments.[15]  Still, dismissal of a complaint is appropriate if it appears beyond a doubt that she "can prove no set of facts in support of her claim which would entitle her to relief."[16]  And "[a]lthough courts have a duty to read a pro se complaint liberally, a district court is not required to sift through allegations to see what unidentified causes of action a pro se [litigant] may have a claim for."[17]  Requests to amend should be denied if a proposed amendment would be futile.[18]

**A.   Evans has failed to state a discrimination claim under Title VII of the Civil Rights Act.**

Evans asserts five claims for discrimination under Title VII of the Civil Rights Act.[19]  A plausibly pled prima facie case of discrimination under *McDonnell Douglas Corp v. Green*[20] is

---

[12] *Id.* at 679.

[13] *Id.*

[14] *Twombly*, 550 U.S. at 570.

[15] *Ortez v. Wash. Cnty.*, 88 F.3d 804, 807 (9th Cir. 1996); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that unrepresented litigants "must be held to less stringent standards than formal pleadings drafted by lawyers").

[16] *Ortez*, 88 F.3d at 807.

[17] *Sernas v. Cantrell*, 857 F. App'x 400, 401 (9th Cir. 2021).

[18] *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018).

[19] *See* ECF No. 40 at 4.

[20] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

one way to overcome a motion to dismiss.[21]  To do so, Evans may allege that (1) she belongs to a protected class, (2) she was qualified for the position, (3) she was subjected to an adverse-employment action, and (4) similarly situated individuals of other races or sexes were treated more favorably.[22]  But "an employment discrimination plaintiff" is not required to "plead a prima facie case of discrimination" under *McDonnell Douglas*;[23] "nonconclusory allegations plausibly linking the [adverse employment] action to discrimination" may also suffice.[24]

Evans's response brief also raises a retaliation claim for the first time, alleging that the Postal Service retaliated against her because she filed an EEOC complaint.[25]  "To make out a prima facie case of retaliation, an employee must show that (1) [she] engaged in a protected activity; (2) [her] employer subjected [her] to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action."[26]

But the allegations here do not support a valid discrimination or retaliation claim.  Evans's allegations in her five claims nebulously challenge the Board's analysis and fact finding.[27]  But none of the current allegations in the complaint coherently allege that the Postal Service terminated her based on her race or sex or because she filed an EEOC complaint.[28]  While her response to the motion to dismiss does include specific allegations that track the

---

[21] *See Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 n.2 (9th Cir. 2012).

[22] *Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 658 (9th Cir. 2002).

[23] *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002); *Austin v. Univ. of Or.*, 925 F.3d 1133, 1138 (9th Cir. 2019).

[24] *Austin*, 925 F.3d at 1138.

[25] ECF No. 20 at 3.

[26] *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).

[27] *See generally* ECF No. 13.

[28] *See id.*

*McDonnell Douglas* framework and she includes exhibits in support,[29] I cannot properly consider that without converting this motion into one for summary judgment,[30] which I decline to do. So I grant the motion to dismiss because the complaint fails to state a plausible claim. But I give Evans leave to file an amended complaint that includes these specific allegations and clarifies which specific claims she intends to bring.

**B.  If Evans intends to challenge the Board's decision, she must plead a separate civil-service claim.**

It appears that Evans also intends to challenge aspects of the Board's decision unrelated to discrimination. She has not pled a civil-service claim under the Civil Service Reform Act seeking judicial review of the Board's decision, but her complaint's allegations largely relate to the Board's decision-making process.[31] Unlike a discrimination claim, a civil-service claim "is reviewed by the district court under a more deferential statutory standard"[32] in which a court may set aside the Board's decision if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."[33]

---

[29] ECF No. 20 at 3.

[30] *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003) ("When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond.").

[31] *See* ECF No. 13.

[32] *Washington v. Garrett*, 10 F.3d 1421, 1428 (9th Cir. 1993).

[33] *Id.* (citing 5 U.S.C. § 7703(c) and *Lindahl v. Off. of Pers. Mgmt.*, 470 U.S. 768, 774 n.5 (1985)).

But as the Postal Service argues, Evans failed to "identify the aspects of the Board's decision that warrant judicial review and on what basis."[34]  While there are some allegations challenging the Board's decision-making process spread across her five discrimination claims, her complaint falls short of stating a claim, and "a district court is not required to sift through allegations to see what unidentified causes of action a pro se [litigant] may have a claim for."[35]  So I give Evans leave to amend to properly plead a civil-service claim and identify what parts of the Board's decision she challenges.

**C.      Evans has until December 7, 2025, to amend her complaint.**

Based on what Evans provides in her response, I am not yet convinced that Evans can plead no set of facts that would entitle her to relief, so I grant her leave to file an amended complaint.  If Evans chooses to file an amended complaint, she is cautioned that an amended complaint supersedes the original complaint, so the amended complaint must be complete in itself.[36]  Evans's amended complaint must therefore contain all claims, defendants, and factual allegations that she wishes to pursue in this lawsuit.  She must file the amended complaint, write the words "First Amended" above the words "Complaint" in the caption, and follow the instructions on the form.  **In each claim**, she must allege true facts sufficient to support the specific claims she raises.  For example, if Evans wishes to bring a discrimination claim, she must allege that she belongs to a protected class and describe the actions that she believes were

---

[34] ECF No. 18 at 5.

[35] *See Sernas*, 857 F. App'x at 401.

[36] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

discriminatory.  If she wishes to challenge the Board's decision in a separate claim, she must also plead a civil-service claim and allege in greater detail why the Board's decision runs afoul of the reasons listed in 5 U.S.C. § 7703(c).[37]  If Evans chooses to file an amended complaint, she must do so by December 7, 2025.  If Evans does not file an amended complaint by this deadline, this case will be dismissed and closed without further prior notice.

## Conclusion

IT IS THEREFORE ORDERED that the United States Postal Service's motion to dismiss **[ECF No. 18] is GRANTED**.  Evans's complaint is **DISMISSED** with leave to amend.  Evans may file an amended complaint by December 7, 2025.  If she fails to file an amended complaint by this deadline, this case will be dismissed and closed without further prior notice.

_____
U.S. District Judge Jennifer A. Dorsey
November 18, 2025

---

[37] Those reasons are that the Board's decision was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Washington*, 10 F.3d at 1428 (citing 5 U.S.C. § 7703(c) and *Lindahl*, 470 U.S. at 774 n.5).