**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ROSE TIFFANY EVANS,

    Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

    Defendant.

Case No. 2:25-cv-00084-JAD-NJK

**Order**

[Docket No. 56]

Pending before the Court is Defendant's motion for extension to file its dispositive motion. Docket No. 56. Plaintiff filed a response in opposition. Docket No. 58. Defendant filed a reply. Docket No. 63.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of

relief." *Johnson*, 975 F.2d at 609.  When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*[1]

Defendant requests a 30-day extension to file its motion for summary judgment because it needs more time to complete its analysis of the lengthy administrative record and to prepare declarations.  *See* Docket No. 56 at 1; *see also* Docket No. 63 at 2.  Further, Defendant requests that the Court set the dispositive motion deadline after the completion of the ruling for the pending motion to compel.  *See* Docket No. 63 at 2; *see also* Docket No. 57 (motion to compel).  Plaintiff submits that Defendant has had substantial time over the course of this litigation to investigate and prepare evidence supporting its position, and that important discovery remains outstanding and is the subject of Plaintiff's pending motion to compel.  *See* Docket No. 58 at 2-3.  Further, Plaintiff requests that if the Court grants Defendant's motion, the Court first rule on the pending motion to compel, require Defendant to produce any discovery, and grant Plaintiff an equal extension of time to respond to any motion for summary judgment after the discovery issues are resolved.  *See id.* at 4.

In the interest of resolving this case on its merits, the Court **GRANTS** Defendant's motion for extension to file its dispositive motion.  Docket No. 56.  The dispositive motion deadline is **RESET** to August 12, 2026.

IT IS SO ORDERED.

Dated: July 14, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).