**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ROSE TIFFANY EVANS,
Plaintiff,

v.

UNITED STATES POSTAL SERVICE,
Defendant.

Case No. 2:25-cv-00084-JAD-NJK

**Order**

[Docket No. 57]

Pending before the Court is Plaintiff's motion to compel.[1] Docket No. 57. Defendant filed a response. Docket No. 62. Plaintiff filed a reply. Docket No. 65.

## I. BACKGROUND

This case arises from the termination of Plaintiff's employment with Defendant. *See* Docket No. 34 (amended complaint). Plaintiff alleges that she was employed by Defendant for 22 years and that Plaintiff's termination was based on her alleged failure to follow HR manager's instructions, making clock rings for her daughter Anais Evans, sharing her password and login information, lack of candor, being absent without leave (AWOL), and failing to provide medical documentation. *Id.* at 2-3. Plaintiff alleges that her removal was discriminatory because similarly situated managers and supervisors outside her protected class engaged in more serious misconduct but were not removed, and that white and non-black supervisors engaged in mail delay, falsification records, stealing time for profit, misuses of government resources, sharing logins, and extensive unscheduled absences, yet retained their positions while Plaintiff was terminated for comparatively lesser allegations. *Id.* at 3.

….

….

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II. STANDARDS

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). When a party fails to provide discovery and the parties' attempts to resolve the dispute without Court intervention are unsuccessful, the opposing party may seek an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why it should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). District courts enjoy wide discretion in deciding relevancy for discovery purposes.[2] *E.g.*, *Shaw v. Experian Info. Solutions, Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015). To be permissible, discovery must be "relevant to any party's claim or defense." *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes). Relevance for the purpose of discovery is defined broadly. *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

"Proportionality focuses on the marginal utility of the discovery being sought." *Guerrero v. Wharton*, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (citing *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 180 F. Supp. 3d 273, 280 n.43 (S.D.N.Y. 2016)). Proportionality is judged based on: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "At bottom, proportionality is a 'common-sense concept' that should be applied to establish reasonable

---

[2] Material may be discoverable even if not admissible at trial, Fed. R. Civ. P. 26(b)(1), and relevance for discovery purposes is broader than relevance for trial purposes, *see, e.g.*, *F.T.C. v. AMG Services, Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013).

limits on discovery." *Guerrero v. Wharton*, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (quoting *Sprint Comm's Co. v. Crow Creek Sioux Tribal Court*, 316 F.R.D. 254, 263 (D.S.D. 2016)).

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher,* 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).

## III. ANALYSIS

Plaintiff seeks to compel Defendant to provide responses and produce documents. Docket No. 57. Plaintiff's discovery requests are attached to the instant motion as Exhibit A.[3] *See id.* at 9-16. Defendant contends that the instant motion fails to meet procedural requirements to meet and confer, and that the motion is untimely and makes no attempt to address its late filing. Docket No. 62. Further, Defendant contends that Plaintiff fails to show a basis to grant her requests to compel. *See id.* at 8-12. The Court considers Defendant's procedural and substantive arguments in turn.

### A. Meet and Confer Requirement

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher,* 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-6(c). The meet and confer requirement "may only be satisfied through

[3] The Court notes that Plaintiff's motion does not refer to her discovery requests with the corresponding numbers from the discovery requests served to Defendant. *Compare* Docket No. 57 at 1-6, *with id.* at 9-16. Rather, Plaintiff refers to the information or documents sought throughout the instant motion. *See* Docket No. 57.

direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. The exchange of written, electronic, or voice-mail communications does not satisfy this requirement." LR IA 1-3(f) (defining "meet and confer").

Judges in this District have held that these rules require the movant to "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id.* This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id.* To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[4] Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

The Court has discretion as to whether to consider discovery motions, even without a proper meet and confer. In this case, Plaintiff clearly made several attempts to obtain discovery from Defendant and was met with delay, objections, and failure to communicate. As a result, the Court, in its discretion, considers this motion to compel even without a proper meet and confer.

**B. Timeliness**

On February 24, 2026, the Court entered the scheduling order in this matter, setting the deadline to file discovery motions for June 29, 2026. Docket No. 47 at 2. On June 8, 2026, the

[4] These requirements are now largely codified in the Court's local rules. *See* Local Rule 26-6(c), Local Rule IA 1-3(f).

Court denied the parties' stipulation to extend case management deadlines without prejudice. Docket No. 55. The instant motion was filed on July 2, 2026—after the deadline to file discovery motions. Docket No. 57. Nonetheless, the reason for the late filing is due to Plaintiff's attempts to obtain discovery despite Defendant's delay and stonewalling. As a result, the Court finds that excusable neglect exists for the late filing and will consider the motion on its merits.

**C. Investigative Materials**

Plaintiff seeks to compel Defendant to produce investigative materials and documents relating to Defendant's investigation of the allegations against Plaintiff, including investigative notes, memoranda, witness statements, interview summaries, investigative reports, emails, and other documents relating to interviews or discussions with supervisors and employees. Docket No. 57 at 2. Plaintiff contends that Defendant identified interview notes and records as documentation relied upon in reaching its conclusions but has not produced the underlying investigative materials. *See id.* at 2-3. Plaintiff seeks the investigative file, names of employees, interviewed, interview notes or summaries, witness statements, memoranda, investigative reports, and emails or other records relating to the investigation. *Id.* at 3. Defendant submits that there does not appear to be any specific request that relates to this broad request for documentation. Docket No. 62 at 4, 8-9. Further, Defendant submits that this request is not tied to any specific request for discovery. *Id.* at 9. In reply, Plaintiff fails to identify which specific discovery request this request is tied to. *See* Docket No. 65 at 3-4.

Defendant has the better argument. Therefore, the motion to compel is **DENIED** as to this request.

**D. Records Regarding Altered Clock Allegations**

Plaintiff seeks supporting records regarding the allegation made by HR manager Donnita Fredenburg that Plaintiff altered clock rings while Anais Evans was assigned to the main plant. Docket No. 57 at 3. Plaintiff submits that HR manager Fredenburg stated that Plaintiff had been changing Anais Evans' time while Anais Evans was assigned to the main plant. *Id.* Further, Plaintiff submits that this allegation was presented during Plaintiff's disciplinary proceeding and considered in making credibility determinations. *Id.* Additionally, Plaintiff submits that she is

requesting the evidence supporting the allegations and documentation relied upon by Ms. Fredenburg. *Id.*

Defendant submits that this request appears to relate to Request No. 7 in Plaintiff's discovery requests. Docket No. 62 at 4. Request No. 7 asks Defendant to state whether Donnita Fredenburg prepared any written statements, notes, memorandum, or documentation concerning alleged instructions given to Plaintiff regarding the clock rings of Anais Evans. *Id.*; *see also* Docket No. 57 at 12. Defendant responded to Request No. 7 that there do not appear to be any responsive documents. Docket No. 62 at 4. Further, Defendant contends that Plaintiff's suspicion that additional documents exist is not sufficient to warrant an order to compel. *Id.* at 9.

In reply, Plaintiff submits that if Defendant contends that no documents exist after a reasonable search, Defendant should certify as such. Docket No. 65 at 3.

Plaintiff has the better argument. "[A] party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or other subject to its control." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (internal quotations and citations omitted). A reasonable inquiry requires, "at a minimum, a reasonable procedure to distribute discovery requests to all employees and agents of the [party] potentially possessing responsive information, and to account for the collection and subsequent production of the information to [the opposing party]." *Id.* (quoting *Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 556 (N.D. Cal. 1987)). "An earmark of a recipient's inadequate inquiry is the obvious absence of documents and other written materials that the recipient reasonably would be expected to have been retained in the ordinary course of its business." *Meeks v. Parsons*, 2009 WL 3003718, *4 (E.D. Cal. Sept. 18, 2009) (citing *A. Farber & Partners*, 234 F.R.D. at 189). Where a party asserts that it does not have responsive documents, it must come forward with an explanation of the search conducted "with sufficient specificity to allow the court to determine whether the party made a reasonable inquiry and exercised due diligence." *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012). Information regarding the search conducted should be provided through declarations under oath detailing the nature of the

efforts to locate responsive documents. *See Meeks*, 2009 WL 3003718, *4 (citing *A. Farber & Partners*, 234 F.R.D. at 190).

Therefore, the motion to compel is **GRANTED** as to this request. If Defendant contends responsive documents do not exist, Defendant must serve a declaration, signed pursuant to Rule 26(g), detailing the search conducted and representing that no responsive documents exist. *Cf. FDIC v. 26 Flamingo, LLC*, 2013 WL 3975006, at *3 (D. Nev. Aug. 1, 2013); Fed. R. Civ. P. 26(g).

**E. Documents Supporting AWOL Allegation**

Plaintiff seeks documents supporting Defendant's allegation that Plaintiff was instructed by manager Lee Rutherford to report to work on April 23, 2020, and that Plaintiff failed to do so. Docket No. 57 at 4. Plaintiff submits that this request includes witness information, notes, memoranda, emails, text messages, recordings, telephone records call logs, and other evidence supporting the alleged communication. *Id.*

Defendant submits that this request appears to relate to Request Nos. 19, 23, and 24 in Plaintiff's discovery requests. Docket No. 62 at 4. Request No. 19 asks Defendant to produce all documents, notes, memoranda, emails, text messages, recordings, or other records supporting the allegations that Lee Rutherford instructed the Plaintiff to report to work on April 23, 2020. *Id.* Defendant responded to Request No. 19 that "Manager Rutherford wrote and signed a statement regarding this conversation and instruction on June 16, 2020, which is already in Plaintiff's possession. The Postal Service is not aware of any other documents regarding the instruction to report to work." *Id.* at 5. Defendant submits that "Plaintiff does not dispute that she does not have this documentation as part of the administrative record" and that there is nothing to compel as part of this request. *Id.* at 10.

Request No. 23 asks Defendant to state whether the Postal Service acknowledge testimony by Lee Rutherford that HR Manager Donnita Fredenburg had already placed the Plaintiff in an AWOL status for the entire week beginning April 18, 2020, and if so: state when that determination was made, and explain how that determination was made prior to Plaintiff's receipt of the return-to-work letter. *Id.* at 5. Defendant objects to Request No. 23 because the request "is so broad,

uncertain, and unintelligible that the Defendant cannot determine the nature of the information sought." *Id.* Defendant responded to Request No. 23 that "the only 'evidence' of this appears to be only [Plaintiff's] unsupported contention that Rutherford told [Plaintiff] this, but the Post Office does have no [sic] 'testimony' that this happened." *Id.* Defendant submits that this request is unclear as to what Plaintiff is seeking and that Defendant answered to the best of its availability based on the testimony available. *Id.* at 10.

Request No. 24 asks Defendant to state whether Plaintiff was on administrative leave status at any time on or after April 18, 2020, and, if so: identify the exact dates of such administrative leave, explain how Plaintiff could simultaneously be placed in an AWOL status while still on administrative leave, and identify all policies, rules, or regulations relied upon to support such action. *Id.* at 5. Defendant responded to Request No. 24 that:

> Plaintiff was placed in a paid administrative leave status beginning July 11, 2020 until her removal was effective in September 2022. You were placed on AWOL status after you failed to report for work after being told to, which is permissible. This status is governed by the Employee and Labor Relations Manual (ELM).

*Id.* Defendant submits that it explained the timeline for the AWOL status and the basis for it under the ELM, and that there is nothing more to add to this response. *Id.* at 10.

In reply, Plaintiff submits that if Defendant possess no additional responsive documents after a reasonable search, Defendant should clearly state the fact. Docket No. 65 at 4.

Plaintiff has the better argument. Therefore, the motion to compel is **GRANTED** as Request Nos. 19, 23, and 24. If Defendant contends responsive documents do not exist, Defendant must serve a declaration, signed pursuant to Rule 26(g), detailing the search conducted and representing that no responsive documents exist. *Cf. FDIC v. 26 Flamingo, LLC*, 2013 WL 3975006, at *3 (D. Nev. Aug. 1, 2013); Fed. R. Civ. P. 26(g).

**F. Attendance and Call-In Records**

Plaintiff seeks attendance and call-in records. Docket No. 57 at 5. Plaintiff submits that this includes records relating to her alleged call to the USPS call-in line, including confirmation

information, attendance records, and system records. *Id.* Further, Plaintiff submits that she previously provided evidence showing that she contacted the call-in line. *Id.*

Defendant submits that this request appears to relate to Request No. 22 in Plaintiff's discovery requests. Docket No. 62 at 5. Request No. 22 asks Defendant to "[p]roduce all record relating to Plaintiffs alleged call to the USPS call-in-line on or about April 23, 2020. Including confirmation number, FMLA number, Plaintiff attendance records, and system record." *Id.* Defendant responded to Request No. 22 that the Postal Service is not aware of any call Plaintiff made to the "USPS call-in-line" on April 23, 2020. *Id.* Defendant submits that there is no responsive document and there is nothing to compel. *Id.* at 11.

Given that Defendant submits that there is no responsive document but fails to explain the search conducted, *see* Docket No. 62 at 10-11, the motion to compel is **GRANTED** as to this request in that Defendant must serve a declaration, signed pursuant to Rule 26(g), detailing the search conducted and representing that no responsive documents exist. *Cf. FDIC v. 26 Flamingo, LLC*, 2013 WL 3975006, at *3 (D. Nev. Aug. 1, 2013); Fed. R. Civ. P. 26(g).

**G. Information Regarding Login Credential Investigations and Discipline**

Plaintiff seeks information regarding login credential investigations and discipline. Docket No. 57 at 5. Plaintiff submits that this includes information regarding USPS employees who were investigated or disciplined for sharing ACE login credentials and the discipline imposed. *Id.* Further, Plaintiff submits that she requested this information because Defendant relied upon Plaintiff's alleged sharing of login credentials as a basis for discipline, and that Plaintiff seeks information regarding how Defendant applied its own rules regarding similar conduct. *Id.*

Defendant submits that this request relates to Request Nos. 10 and 11 in Plaintiff's discovery requests. Docket No. 62 at 5-6. Request No. 10 asks Defendant to identify all United States Postal Services employees investigated or disciplined for sharing Ace login credentials from 2018 through 2021 and state the discipline imposed in each case. *Id.* Defendant objected to Request No. 10 on the grounds that it is irrelevant, disproportional to the needs of the case, over broad, and unduly burdensome. *Id.* Further, Defendant contends that it does not have a nationwide database that tracks investigations or subsequent disciplinary actions. *Id.* at 6, 11. Defendant

responded to Request No. 10 that "the only proper comparator is Isaac Rudd, who did not engage in the same conduct, as he only authorized the use of his logon information one time, in an emergency, and not to benefit his relative. He also immediately remediated the disclosure by changing his password." *Id.* at 6.

Request No. 11 asks Defendant to state whether any USPS employees were investigated or disciplined for sharing Ace login credentials received discipline less than removal. *Id.* Defendant objected to Request No. 11 on the grounds that it is irrelevant and disproportional to the needs of the case because "this case is about Plaintiff's allegations that she was improperly terminated and the only legal, proper comparators are employees at the same level, who engaged in similar conduct, who reported up the same chain of command." *Id.* Further, Defendant contends that it does not have a nationwide database that tracks investigations or subsequent disciplinary actions. *Id.* Defendant responded to Request No. 11 that "the only proper comparator is Isaac Rudd, who did not engage in the same conduct, as he only authorized the use of his logon information one time, in an emergency, and not to benefit his relative. He also immediately remediated the disclosure by changing his password." *Id.* Defendant submits that it has provided Plaintiff the information related to persons in her local sphere that may be relevant, and this is evidenced by Plaintiff's argument during the administrative appeal that there were seven other similarly situated persons. *See id.* at 12 n.10.

In reply, Plaintiff submits that, "[i]f the Cout determines any request should be narrowed, Plaintiff respectfully request that the Court narrow the request rather than deny it entirely." Docket No. 65 at 4.

The Court finds that Defendant provided sufficient responses to Request Nos. 10 and 11; therefore, the motion to compel is **DENIED** as to these requests.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** in part and **DENIES** in part Plaintiff's motion to compel. Docket No. 57. The Court **ORDERS** Defendant to serve declarations as to Request Nos. 7, 19, 22, 23, and 24, no later than August 7, 2026. The declarations must be signed

pursuant to Rule 26(g) and must detail the search conducted and represent that no responsive documents exist as to these requests.

IT IS SO ORDERED.

Dated: July 28, 2026.

______________________________
Nancy J. Koppe
United States Magistrate Judge